UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER C. C., | No. 1:26-cv-05098-RLP |
| Petitioner, | |
| v. | ORDER GRANTING HABEAS PETITION |
| TONYA ANDREWS, TODD BLANCHE, MARKWAYNE MULLIN, DAVID VENTURELLA, ICE/ERO, | |
| Respondents. | |

Before the Court is Petitioner Eber C. C.'s [1] ("Petitioner") petition for writ of habeas corpus, motion to appoint counsel, and motion for temporary restraining order. ECF Nos. 1, 3, 4. Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing. In opposition,

---

[1]The Court omits Petitioner's full name to protect sensitive personal information.

ORDER GRANTING HABEAS PETITION ~ 1

Respondents contends Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). ECF No. 9. The Court disagrees with Respondents. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is granted.

## BACKGROUND

Mr. C. is a citizen of Honduras. On July 11, 2019, he was encountered by ICE agents at the Palm Beach County Jail in Florida where he was held pending local charges related to battery. ECF No. 9 at 15. An Order to Detain, Notice of Custody Determination and Notice to Appear were issued and Mr. C. was taken into ICE custody. ECF No. 9 at 5, 12, 18. He was eventually released under an immigration bond. ECF No. 9 at 21. The battery charge was not prosecuted. ECF No. 9 at 44.

On May 8, 2022, Petitioner was arrested for the crimes of larceny and burglary near West Palm Beach, Florida. ECF No. 9 at 21. He was encountered by immigration officers at the Palm Beach County Jail and was noted to be in removal proceedings. *Id.* According to Petitioner, in 2022 he was again released on bond. ECF No. 1 at 5.  The larceny and burglary charges were not prosecuted. ECF No. 9 at 45-46.

On January 14, 2026, Mr. C. was arrested for larceny. ECF No. 9 at 47. On the same date, an order to detain for ICE was issued by the Department of

ORDER GRANTING HABEAS PETITION ~ 2

Homeland Security. ECF No. 9 at 32. On March 12, 2026, Mr. C. was charged with petty theft. ECF No. 9 at 47. Mr. C. alleges he "was found innocent and the charges were dropped" regarding the theft case. ECF No. 1 at 6.  He states he was going to be released but was instead taken into ICE custody. *Id.* He has been in ICE custody since March 20, 2026, and is now located at the Golden State Annex in California. *Id*. Mr. C. states he has a pending asylum case. *Id.*

Mr. C. filed this Petition for writ of habeas corpus alleging that his detention without bond hearing is not legally justified, is unconstitutionally prolonged and violates the Due Process Clause of the Fifth Amendment. ECF No. 1. He requests the Court order his release or a bond hearing. Respondents contend Petitioner is in immigration custody under the authority of 8 U.S.C. § 1225(b)(2)(A).

ANALYSIS

*Habeas Corpus*

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

ORDER GRANTING HABEAS PETITION ~ 3

Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

*Fifth Amendment Due Process Clause*

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

    a. *Protected Liberty Interest*

ORDER GRANTING HABEAS PETITION ~ 4

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Noncitizens maintain a well-established liberty interest in their freedom from detention. *Zadvydas*, 533 U.S. at 693. Accordingly, Court finds Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335

ORDER GRANTING HABEAS PETITION ~ 5

(1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards, which Respondents do not dispute. *Hernandez*, 872 F.3d 976. Respondents contend Petitioner "is a danger to the community," but also acknowledging that his criminal history consists only of "arrests and dropped criminal charges." ECF No. 9 at 1. In prior proceedings, Petitioner has evidently been granted bond and has thus has not been found a danger or risk of flight. Furthermore, the most recent criminal charges against Petitioner were dismissed, and none of his arrests appear to have led to convictions. As such, Respondents have asserted no special justification that is greater than Petitioner's liberty interest. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v.*

ORDER GRANTING HABEAS PETITION ~ 6

*Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondents have not provided sufficient justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondents. Petitioner has previously been provided bond hearings when he was taken into ICE custody. No reason has been asserted for denying a bond hearing in this instance, other than the statutory basis discussed below. Any burden associated with the provision of these processes does not outweigh Petitioner'' substantial liberty interest and the risk of erroneous deprivation.

All of the *Mathews* factors weigh in favor of Petitioner. The Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker before his detention but received neither. On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing, at a minimum. *See Perera v. Jennings*, 599 F.Supp. 3d 736, 744 (N.D. Cal. 2022). Since he has not received a hearing, Petitioner's continued detention violates the Fifth Amendment Due Process Clause. In this instance, the

ORDER GRANTING HABEAS PETITION ~ 7

proper remedy is to provide an opportunity for a bond hearing.

## IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens seeking admission into the country" (Section 1225) and "certain aliens already in the country pending the outcome of removal proceedings." (Section 1226) *Jennings v. Rodriquez*, 583 U.S. 281, 289, 138 S.Ct. 830 (2016).

The sections differ in terms of the process for detention. Section 1225(b)(2)(A) provides that "applicants for admission" must be detained for removal proceedings if the examining immigration officer determines "beyond a doubt" that the alien is not entitled to admission. Other than some limited exceptions, detention under § 1225(b)(2) is considered mandatory. *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)).

Section 1226(a), on the other hand, sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct. 830 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is

ORDER GRANTING HABEAS PETITION ~ 8

on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id*. (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

This Court joins countless other courts in concluding Respondents' proposed interpretation "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

Having been deprived a bond hearing or any opportunity to establish that he does not present a danger to national security or pose a risk of flight, the Court concludes Petitioner is not subject to mandatory detention under Section 1225(b)(2)(A). He was thus wrongfully denied a bond hearing under Section 1226(a).

Accordingly, IT IS HEREBY ORDERED:

1.    Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

**2.**    Petitioner's Motion for Appointment of Counsel, **ECF No. 3**, and Motion for Temporary Restraining Order, **ECF No. 4**, are **DENIED AS MOOT.**

3.    **Within 14 days** of the date of service of this order, unless Petitioner

ORDER GRANTING HABEAS PETITION ~ 9

consents to a later date, Respondents **SHALL** provide Petitioner (A# 201460347) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, lack of criminal history, harm to his family, and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4. Within two days of the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this Order.

**IT IS SO ORDERED.** The Court Clerk shall enter this Order, issue judgment in favor of Petitioner, and CLOSE the file.

DATED July 14, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 10